UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY W. INMAN,

        Petitioner,

  v.              3:07-cv-0587

DAVID HARDER, et al.,

        Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

  Petitioner commenced this action seeking to be released from custody on the ground that he was unlawfully subjected to DOCS's administrative imposition of post-release supervision. Familiarity with the prior proceedings in this case, and the related case of 07-cv-570, is presumed.

  In a bench decision rendered on June 11, 2007, the Court noted that: (1) there may be Younger abstention issues; (2) regardless of any Younger issues, Petitioner failed to exhaust his state court remedies before commencing this action; and (3) the petition appears to be untimely. Petitioner has now filed papers in response to the Court's request for briefing on the issues of Younger abstention and the statute of limitations.[1]

  The Court finds that the instant petition must be denied and dismissed. The Supreme Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal

---

[1] In his papers, Petitioner also addressed the issue of exhaustion although the Court did not request briefing on that issue.

claims. 28 U.S.C. § 2254(b)(1); Woodford v. Ngo, --- U.S. ----, ---- - ----, 126 S. Ct. 2378, 2386-87 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.") (citation and internal quotation marks omitted); Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); see also McKithen v. Brown, 481 F.3d 89, 100 (2d Cir. 2007) ("[T]he federal habeas statute normally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court."); Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir. 2005).  As the Supreme Court explained in O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 1732 (1999), "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  The exhaustion requirement is also grounded in principles of comity.  In a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. Coleman, 501 U.S. at 731. "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." Galdamez, 394 F.3d at 72.  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. Galdamez, 394 F.3d at 72.  In fact, in the very case relied upon by Petitioner, Early v. Murray, 451 F.3d 71 (2d Cir. 2006), the petitioner was

noted to have properly attempted to resolve his grievance through available administrative avenues and, subsequently, through a motion pursuant to N.Y. Crim. Proc. Law § 440.20. That being said, "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process and where the state courts have not provided relief through those remedies in the past." O'Sullivan v. Boerckel, 119 S. Ct. at 1732.

Here, as Petitioner states in his petition, he has not commenced any state court or state administrative proceedings challenging his confinement. Rather, Petitioner claims that it would be futile to do so because DOCS has a policy that it allegedly refuses to change absent a ruling by the United States Supreme Court and he cannot be afforded relief by the state courts. There are several problems with this position. First, Petitioner has submitted no evidence of any such DOCS policy. Second, his argument is untenable in light of the fact that state courts *have* granted individuals the relief being sought by Petitioner in this case.

For example, in People ex rel. Johnson v. Warden, 15 Misc.3d 1102(A), 2007 WL 755412 (Table) (Sup. Ct. Bronx County 2007), the Court resolved the issue in favor of a petitioner seeking habeas corpus relief. Specifically, that court held that "pursuant to New York law, and pursuant to United States constitutional law, the petitioner's writ of habeas corpus is sustained and, pursuant to CPLR 7010(a), it is directed that the petitioner be discharged from detention on this matter."

In Pan v. New York State Dep't of Correctional Servs., 2007 WL 1730103 (Sup. Ct. Kings County 2007), the Court granted a petition pursuant to CPLR art. 78 and issued "an order of mandamus directing the New York State Department of Correctional Services to excise the post release supervision improperly imposed upon Petitioner."

In Waters v. Dennison, 13 Misc.3d 1105, 827 N.Y.S.2d 596 (Sup. Ct. Bronx County 2006), the Court held that relief could be had under C.P.L.R. art. 78 and issued an order vacating the five-year period of post-release supervision and the parole violation warrant.

In People ex rel. White v. Warden, Rikers Island Correctional Facility, 15 Misc.2d 360 (Sup. Ct. Bronx County 2007), the court was faced with a situation nearly identical to that presented here. In White, the petitioner moved "to vacate a warrant charging him with violating the conditions of his post-release supervision. He claim[ed] that because post-release supervision was not imposed by the judge who sentenced him, but instead by the New York State Department of Correctional Services, the conditions of his post-release supervision are void." Id. at 361. The court held that:

> [b]ecause the sentence pronounced by the court in this case both orally and in the commitment order made no mention of a period of post-release supervision, and because the sentence was not corrected . . . in a direct proceeding . . . the sentence announced by the Court is irrebuttably presumed to have said what it was meant to say . . . and does not include a period of post-release supervision. Accordingly, . . . its imposition by the Department of Correctional Services must be declared void.

Id. at 368 (internal alterations, citations, and quotations omitted). The court issued an order vacating the parole warrant.

In People v. Noble, 37 A.D.3d (2d Dep't 2007), the Appellate Division, Second Department held that where "neither the sentencing minutes, nor the court's order of commitment[] mentioned the imposition of any period of post-release supervision," the period of supervised release is not part of the sentence. Thus, at least one appellate division appears to support Petitioner's position.

Petitioner has failed to point to, and the Court has not found, any appellate division case from the Third Department (the Department at issue here) addressing whether DOCS's

imposition of this period of post-release supervision violates a criminal defendant's due process rights or otherwise discussing the Second Circuit's holding in Earley v. Murray, 451 F.3d 71 (2d Cir. 2006).[2]

The Court acknowledges that there are New York state cases denying relief under similar facts and that there are inconsistencies among the rulings of the New York state courts. However, some of the leading state court cases denying relief may be distinguishable from the instant case. For example, in People v. Sparber, 34 A.D.3d 265 (1st Dep't 2006), the sentencing court, through its court clerk, set forth the post-release supervision requirement in the commitment sheet. The Appellate Division, First Department held that "[w]e see no constitutional infirmity in the use of a written document to clarify an aspect of a sentence upon which the court's oral pronouncement was silent." Id. at 266. Here, by contrast, there is no evidence of the period of supervised release being notated on the commitment sheet, thereby distinguishing Sparber.

For the foregoing reasons, the Court finds that it would not be futile for Petitioner to have first presented this case to a state court and pursued it fully through the appellate process. It cannot be said that the "state courts have not provided relief through those remedies in the past." O'Sullivan v. Boerckel, 119 S. Ct. at 1732. Moreover, a motion

---

[2] There is a Third Department case indicating that the relief sought in this petition is not available in a proceeding pursuant to CPLR art. 78 and stating that the imposition of the period of post-release supervision is not a judicial act. Matter of Deal v. Goord, 8 A.D.3d 769 (3d Dep't 2004). This case, however, predates the Second Circuit's decision in Early and the New York Court of Appeals's decision in People v. Catu, 4 N.Y.3d 242 (2005). The Third Department has since clearly recognized that the failure to advise a defendant that he would be subjected to a period of post-release supervision warrants vacatur of a guilty plea as unknowing and unintelligent. See People v. Yanas, 36 A.D.3d 1149 (3d Dep't 2007). The same analysis equally applies to decisions in the Fourth Department. The Fourth Department cases pertaining to this issue, see People v. Bloom, 269 A.D.2d 838 (4th Dep't 2000); People v. Hollenbach, 307 A.D.2d 776 (4th Dep't 2003), predate Earley and Catu and have been called into question by other state court decisions. See People v. Hill, 39 A.D.3d 1 (1st Dep't 2007). Accordingly, this Court finds that it is not clear that the state court would not provide relief.

pursuant to N.Y. Crim. Proc. Law § 440.20 or N.Y.C.P.L.R. art. 78 is not an extraordinary measure, but part of the standard review process.

The Court further finds that this matter is time-barred. This matter is subject to a one year period of limitation. 28 U.S.C. § 2244(d)(1). Apparently recognizing that he filed his petition more than one year after learning of the facts giving rise to his claim (as was discussed in the Court's bench decision), Petitioner seeks to invoke 28 U.S.C. § 2244(d)(1)(B), under which the statute of limitations does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner argues that "as long as New York upholds the policy complained of herein, he is entitled to invoke the aforesaid exception." Pl.'s Mem. of Law at 2. The Court disagrees. Even assuming the State's policy of administratively imposing post-release supervision is unconstitutional, nothing about that policy prevented Petitioner from filing a timely petition for habeas corpus relief after he was paroled. Earley, 451 F.3d at 75 ("Post-release supervision . . . in considered to be 'custody.'"). Petitioner points to nothing demonstrating that he was prevented by state officials, or anybody else, from timely commencing a court proceeding challenging the imposition of post-release supervision.

For the foregoing reasons, the Petition is DENIED and DISMISSED. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: June 20, 2007

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge